K&L GATES LLP
1601 K Street, NW
Washington, DC  20006
Telephone 202-778-9000

Stephen G. Topetzes (Admitted *pro hac vice*)
stephen.topetzes@klgates.com
Nicholas G. Terris (Admitted *pro hac vice*)
nicholas.terris@klgates.com
Nicole A. Baker (Admitted *pro hac vice*)
nicole.baker@klgates.com

LAW OFFICE OF SHANNON GILES, PLLC
2205 East Speedway Boulevard
Tucson, AZ  85719
Telephone 520-327-1343

Shannon L. Giles (#018786)
Shannon.Giles@me.com

*Counsel for Defendants Davis Selected Advisers,
L.P. and Davis Distributors, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| DONALD TURNER, on behalf of the DAVIS NEW YORK VENTURE FUND,<br><br>Plaintiff,<br><br>-against-<br><br>DAVIS SELECTED ADVISERS, L.P. and DAVIS DISTRIBUTORS, LLC,<br><br>Defendants. | NO. CV-08-421-TUC-JMR<br><br>**DEFENDANTS' SUPPLEMENTAL REPLY BRIEF PURSUANT TO THE COURT'S SEPTEMBER 7 ORDER ADDRESSING <u>JONES v. HARRIS</u>**<br><br>ORAL ARGUMENT REQUESTED |

Pursuant to the Court's order entered September 7, 2010, defendants hereby reply to plaintiff's supplemental memorandum concerning <u>Jones v. Harris</u>, --- U.S. ---, 130 S. Ct. 1418 (Mar. 30, 2010) (filed September 27, 2010, dckt. no. 74) (hereinafter "Plaintiff's

Supplement"). Defendants' supplemental brief (filed September 27, 2010, dckt. no. 73) will be referred to hereinafter as "Defendants' Supplement"). This reply uses the same abbreviations and defined terms as defendants' prior filings.

## PRELIMINARY STATEMENT

The Court has generously afforded plaintiff every reasonable opportunity to explain why his second pleading effort states a plausible claim. Plaintiff again has failed to do so. Plaintiff's Supplement consists largely of irrelevant generalized observations coupled with misleading or erroneous assertions concerning applicable law. Plaintiff restates at length some of the Complaint's allegations. But he still has not directly addressed defendants' specific arguments and authorities demonstrating that the allegations of this particular Complaint are insufficient in light of Jones/Gartenberg – and indeed affirmatively demonstrate that plaintiff has no claim. Accordingly, plaintiff's baseless lawsuit should be dismissed with prejudice.

## ARGUMENT

Defendants respond in turn to the arguments in Plaintiff's Supplement:

- Plaintiff observes that Jones rejected the Seventh Circuit's novel standard in the same case and adopted the standard articulated in Gartenberg v. Merrill Lynch Asset Mgmt., Inc., 694 F.2d 923, 928 (2d Cir. 1982). See Plaintiff's Supplement at 1-3.

This is correct, but it is entirely unhelpful to plaintiff. Defendants' Motion is based on the (now-controlling) Gartenberg standard, not on the Seventh Circuit's erroneous analysis in Jones. See Defendants' Supplement at 2, 3.

- Plaintiff states that "the appropriate fiduciary duty standard" comes from Pepper v. Litton, 308 U.S. 295, 306-07 (1939), which explained that "[t]he essence of the test is whether or not under all the circumstances the transaction carries the earmarks of an arm's length bargain. If it does not, equity will set it aside." Plaintiff's Supplement at 3.

This is misleading. Jones did indeed note that the language from Pepper "expresses the meaning of the phrase 'fiduciary duty' in § 36(b)." Jones, 130 S. Ct. at

1427. But <u>Jones</u> expressly held that Section 36(b) "*modifies* this duty in a *significant way*: it shifts the burden of proof from the fiduciary to the party claiming the breach, *to show that* the fee is outside the range that arm's-length bargaining would produce." <u>Id.</u> (emphasis added). Thus, <u>Jones</u> holds that Section 36(b) differs from the common law <u>Pepper</u> standard procedurally by shifting the burden of pleading and proof, and substantively by focusing narrowly on fee levels. <u>Jones</u> concluded that the <u>Gartenberg</u> standard "fully incorporates" these principles. <u>Jones</u>, 130 S. Ct. at 1427. Accordingly, the Supreme Court held that <u>Gartenberg</u>'s "so disproportionately large" standard – rather than the language plaintiff quotes from <u>Pepper</u> – governs Section 36(b) cases. <u>See</u> Defendants' Supplement at 2, 3.

- While citing with approval the factors specifically mentioned in <u>Gartenberg</u>, <u>Jones</u> also indicated that all pertinent facts must be weighed. Plaintiff's Supplement at 3-4.

This general proposition does not assist plaintiff. The instant Complaint entirely fails to address some <u>Gartenberg</u> factors; it offers no factual allegations regarding pertinent factors other than those mentioned in <u>Gartenberg</u>; and it affirmatively pleads facts that defeat a Section 36(b) claim irrespective of other factors. <u>See</u> Defendants' Supplement at 4-9.

- Plaintiff suggests that motions to dismiss should seldom or never be granted in Section 36(b) cases. <u>See</u> Plaintiff's Supplement at 5-6. He asserts that <u>Jones</u> indicates that the "principal purpose" of the <u>Gartenberg</u> standard is "to address which claims should be weeded out on a summary judgment motion." Plaintiff's Supplement at 5 n.5.

With one exception, discussed below, plaintiff's cases denying motions to dismiss pre-date the Supreme Court's recent overhaul of the pleading standards – "a significant change with broad-reaching implications." <u>Moss v. U.S. Secret Serv.</u>, 572 F.3d 962, 972 (9th Cir. 2009). <u>See also</u> Motion at 4-5; Reply at 3-4. Moreover, <u>Jones</u> cites several Section 36(b) cases (including some relied upon by defendants) *granting motions to*

*dismiss*.¹  Thus, plaintiff is wrong to suggest that Section 36(b) cases are somehow immune from 12(b)(6) motions, and the instant Complaint is an especially suitable candidate for dismissal.

- Plaintiff restates a number of what he describes as the Complaint's "extensive factual allegations."  Plaintiff's Supplement at 6-10.

Plaintiff's repetition of his lengthy boilerplate allegations simply fails to address defendants' specific arguments and authorities.  And the allegations plaintiff highlights are utterly unavailing.  Notwithstanding plaintiff's attempted comparison, see Plaintiff's Supplement at 9, the services rendered to a passively managed index fund and those rendered by an actively managed investment company such as the Fund are manifestly dissimilar on their face.  See Franklin Mut. Funds Fee Litig., 478 F. Supp. 2d 677, 687 (D.N.J. 2007) (rejecting similar comparison), cited in Jones, 130 S. Ct. at 1426.

Similarly indefensible are plaintiff's allegations comparing the Fund's 12b-1 fees to the 12b-1 fees of funds that do not offer brokerage services and his suggestion that brokers should work for free.  See Plaintiff's Supplement at 9-10 & n.6.  "[T]he elimination of asset-based charges would not eliminate the need to compensate fund intermediaries for fund distribution and for the other services they provide."  12b-1 Release at 122.  Further: "[i]nvestors who do not want to pay 12b-1 fees have available to them a range of funds that do not charge these fees, although investors in these funds may pay distribution costs through other means."  Id.  See also Motion at 15 & n.16, 24.²

---

¹ Jones cites the following decisions granting motions to dismiss Section 36(b) claims: Migdal v. Rowe Price-Fleming Int'l, Inc., 248 F.3d 321 (4th Cir. 2001); Krantz v. Prudential Invs. Fund Mgmt. LLC, 305 F.3d 140 (3d Cir. 2002); Amron v. Morgan Stanley Inv. Advisors, Inc., 464 F.3d 338 (2d Cir. 2006); In re Franklin Mut. Funds Fee Litig., 478 F. Supp. 2d 677 (D.N.J. 2007); Yameen v. Eaton Vance Distrib., Inc., 394 F. Supp. 2d 350 (D. Mass. 2005); In re Alliance Bernstein Mut. Fund Excessive Fee Litig., No. 04-Civ. 4885 (SWK) 2006 WL 1520222 (S.D.N.Y. May 31, 2006).

² Plaintiff's generic "large fund" allegations, discussed at pp. 8-9 of Plaintiff's Supplement, also have been repeatedly rejected by judicial decisions, including some cited in Jones.  See Defendants' Supplement at 5.

In short, while a plaintiff need not always allege facts as to each Gartenberg factor, the allegations at bar fall short of pleading a plausible claim. Further, the Complaint affirmatively pleads that (1) the Fund charged lower advisory fees than larger funds that plaintiff alleges are comparable, see Motion at 15; Reply at 9; Defendants' Supplement at 6, and (2) sophisticated accredited investors paid exactly the same advisory fee as retail investors. See Motion at 16; Reply at 9; Defendants' Supplement at 6.

- Plaintiff asserts that his position is supported by two recent decisions, Curran v. Principal Mgmt. Corp., 4:09-cv-00433, 2010 WL 2889752 (S.D. Iowa June 8, 2010), and In re Charles W. Siller, 427 B.R. 872, 882 (Bankr. E.D. Cal. 2010). See Plaintiff's Supplement at 10-11.

Curran's discussion of the advisory fee claim is inapposite. Consistent with defendant's arguments at bar, Curran concluded that generalized criticisms of the mutual fund industry fail to state a claim. Curran, 2010 WL 2889752, at *8. However, Curran found sufficient certain more specific allegations not made here. For example, the adviser was alleged to have received compensation from a fund and yet provided essentially no services in return (i.e., the adviser allegedly contracted out substantially all of its responsibilities to a separate subadvisory firm, but nonetheless continued to collect and retain significant compensation beyond what was passed on to the subadviser). Curran, 2010 WL 2889752, at *8. And, in contrast to this case, institutional clients were alleged to have been charged lower fees for substantially the same services. Curran, 2010 WL 2889752, at *8.

Curran's brief analysis of the excessive 12b-1 fee claim before it, Curran, 2010 WL 2889752, at *11, is cryptic, and ultimately unpersuasive. The Curran court apparently was not presented with and certainly did not address a number of the major arguments defendants have raised here. And, contrary to the principle that Section 36(b) "is sharply focused on the question of whether the fees themselves were excessive," Jones, 130 S. Ct. at 1430, Curran seemingly allowed plaintiffs to pursue amorphous allegations that 12b-1

fees did not sufficiently benefit investors. As defendants have demonstrated, this precise theory has been rejected in several cases, including a Second Circuit case and the Corbi decision in this Circuit. See Motion at 21 & n.24; Reply at 10-11.

Plaintiff's reliance on Siller also is unavailing. Plaintiff acknowledges that Siller is a bankruptcy case that applied the common law standard from Pepper, which holds that the burden of proof is "on the insider who would defend the validity of the transaction." Siller, 427 B.R. at 882; Plaintiff's Supplement at 11. But as already noted, Jones expressly held that the opposite burden of proof applies in Section 36(b) cases – the burden is on the plaintiff challenging an advisory fee. Jones, 130 S. Ct. at 1427.[3]

## CONCLUSION

To the extent the Court finds that plaintiff has the requisite standing, the Complaint should be dismissed with prejudice.

RESPECTFULLY SUBMITTED this 4th day of October 2010.

> LAW OFFICE OF SHANNON GILES, PLLC
> 2205 East Speedway Boulevard
> Tucson, AZ 85719
>
> By:  /s/ Shannon L. Giles
>
> - and –
>
> Stephen G. Topetzes
> Nicholas G. Terris
> Nicole A. Baker
> K&L GATES, LLP
> 1601 K Street, NW
> Washington, D.C. 20006
>
> *Counsel for Defendants Davis Selected Advisers, L.P. and Davis Distributors, LLC*

---

[3] Plaintiff also notes that the Supreme Court issued a summary disposition vacating and remanding Gallus v. Ameriprise Fin., Inc., 561 F.3d 816 (8th Cir. 2009). See Plaintiff's Supplement at 4-5 n.4 (discussing Ameriprise Fin., Inc. v. Gallus, --- U.S. ---, 130 S. Ct. 2340 (2010)). The Ameriprise district court granted summary judgment, and the Eighth Circuit reversed. The Supreme Court's disposition directed the lower courts to apply the Jones standard and opened the possibility that summary judgment may be entered again. The Supreme Court's Ameriprise order offers plaintiff no assistance.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th day of October 2010, I electronically submitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing for the following CM/ECF registrants: Francis J. Balint, Jr., fbalint@bffb.com; Daniel W. Krasner, Krasner@whafh.com; and Robert B. Weintraub, Weintraub@whafh.com.

/s/ Shannon L. Giles
LAW OFFICE OF SHANNON GILES, PLLC
2205 East Speedway Boulevard
Tucson, AZ 85719