Daniel W. Krasner  (*Admitted Pro Hac Vice*)
Krasner@whafh.com
Robert B. Weintraub  (*Admitted Pro Hac Vice*)
Weintraub@whafh.com
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Telephone:   212/545-4600
Facsimile:   212/545-4653
*Lead Counsel for Plaintiff on behalf of*
*the Davis New York Venture Fund*

Francis J. Balint, Jr.  (007669)
BONNETT FAIRBOURN FRIEDMAN
 & BALINT, P.C.
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone:  602/274-1100
Facsimile:  602/274-1199
*Local Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA
### TUCSON DIVISION

| | |
|---|---|
| Donald Turner, on behalf of the Davis New York Venture Fund,<br><br>Plaintiff,<br>vs.<br><br>Davis Selected Advisers, L.P. and Davis Distributors, LLC,<br><br>Defendants. | NO. 4:08-cv-00421-TUC-AWT<br><br>**PLAINTIFF'S MOTION FOR RECONSIDERATION AND/OR CLARIFICATION OF MEMORANDUM ORDER CONCERNING SECTION 36(b)'S DAMAGES PERIOD** |

Plaintiff Donald Turner ("plaintiff"), on behalf of the Davis New York Venture Fund ("Fund") respectfully moves the Court, pursuant to, *inter alia*, Rule 7 of the Federal Rules of Civil Procedure and Local Rule Civil 7.2(g) for reconsideration on the ground of

1
2
3
4

"manifest error," and/or clarification, of Section III. C. of this Court's Memorandum Order (Dkt. 80) entitled "Section 36(b)(3)'s damages period," with respect to the end date of plaintiff's damages period.

5

### MEMORANDUM OF POINTS AND AUTHORITIES

6
7
8
9

On June 1, 2011, this Court issued a Memorandum Order granting defendants' motion to dismiss (Dkt. 80) ("MO").  On the same date, this Court issued its Judgment (Dkt. 81) granting defendants' motion to dismiss with prejudice, denying leave to amend.

10
11
12
13
14
15
16
17
18

By way of background, Section III. B. of its Memorandum Order addressed defendants' argument that the Amended Complaint ("AC") (Dkt. 33) did not relate back to the original complaint.  The Court rejected defendants' argument that the AC did not relate back to the original complaint, holding that the AC related back because the AC concerned the same transactions and occurrences (each complaint having mentioned both 12b-1 and advisory fees) and that the two new claims in the AC similarly involved the same facts raised in the original complaint.  MO at 9-10.

19
20
21
22
23
24
25
26

After it rejected defendants' relation back argument, this Court then addressed the legal issue which forms the basis of this motion.  Defendants argued that Investment Company Act Section 36(b) limited plaintiff's damages prospectively, that plaintiff was limited to damages through the filing of the original complaint on July 28, 2008 but not thereafter.  Plaintiff argued that the damages period extends past the filing of both the complaint and the AC "to the present."  MO at 11.

27
28

The Court called defendants position "a tortuous reading of the statutory language."  The MO rejected the principal decision cited by defendants, *In re Franklin Mut. Funds Fee*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Litig.*, 478 F.Supp.2d 677 (D.N.J. 2007), holding that "[t]he reasoning of *In re Franklin* . . . overlooks the unambiguous language of the [ICA] statute."  MO at 11-12.  This Court then continued:

> While it is true that "a court must look beyond [a statute's] plain language where a literal interpretation . . . would thwart the purpose of the overall statutory scheme, would lead to an absurd result, or would otherwise produce a result 'demonstrably at odds with the intentions of the drafters,'" such is not the case here. *Royal Foods Co., Inc. v. RJR Holdings, Inc.*, 252 F.3d 1102, 1108 (9th Cir. 2001) (internal citations omitted). **Section 36(b)(3) only limits past damages. It is silent as to future damages.**
>
> **A more compelling analysis of this statute and the damages period is contained in** *Dumond v. Mass. Fin. Servs. Co.*, 2007 WL 602589 (D. Mass. 2007). In *Dumond*, the court presented an extended discussion of § 36(b)(3) and cases confining the damages period to one year. **As the court noted, limiting damages to a one-year period requires "some creative rearranging of the words."** *Id*. **at * 1. The court also noted that such a restrictive reading is not required by the language itself or Congress's apparent intention.** *Id*. at *2. Here, as in *Dumond*, "there is no reason to stray into speculation about whether that limitation dovetails optimally with other statutory provisions or satisfactorily fulfills a discerned congressional purpose." *Id*. **As a result, the damages period in this case runs from July 28, 2007, to July 28, 2008.**  (emph. added in part).

The *Dumond* court expressly rejected the defendants' motion to limit the damage period to the one-year period immediately preceding the commencement of the action.

The basis of this motion is that while this Court wholly embraced the *Dumond* analysis as "compelling" -- that the damages period is not limited to the date of the filing of the action and extends to the present -- this Court nevertheless inconsistently held that "the damages period in this case runs . . .  to July 28, 2008," which is the date of the filing of the original complaint herein.  MO at 12.

- 3 -

Plaintiff submits that, based upon the Court's own analysis of *Dumond* in the MO, its limitation of the damages period (so that the damages period ends on the July 28, 2008 date of filing of the original complaint) is either manifest error or a typographical error.

## CONCLUSION

Plaintiff respectfully requests that his motion for reconsideration and/or clarification be granted in its entirety and that the last sentence of section III. C. be changed to read "As a result, the damages period in this case runs from July 28, 2007 through the present, and the time of trial if any."[1]

DATED:  June 15, 2011

Respectfully submitted,

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP

By:  /s/ Robert B. Weintraub
Daniel W. Krasner
Robert B. Weintraub
270 Madison Avenue
New York, New York 10016
Telephone:   (212) 545-4600
Facsimile:    (212) 545-4653
*Lead Counsel for Plaintiff on behalf of
the Davis New York Venture Fund*

Francis J. Balint, Jr.
BONNETT, FAIRBOURN, FRIEDMAN & BALINT

---

[1] Plaintiff also intends to file a motion pursuant to Federal Rules of Civil Procedure 59 and 15, *inter alia*, within the time period provided in Rule 59, to amend the Judgment (Dkt. 81) and permit the filing of a Second Amended Complaint.  The Judgment held that "because plaintiff has not indicated how he could amend his Amended Complaint to state a claim, leave to further amend is denied, and this dismissal is with prejudice."  Plaintiff could not know how this Court would consider the complaint deficient until the motion to dismiss was decided.  A proposed Second Amended Complaint will be submitted with said motion.

2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone:  (602) 274-1100
Facsimile:  (602) 274-1199
Local Counsel for Plaintiff

661439v3