1  Daniel W. Krasner  (*Admitted Pro Hac Vice*)
   Krasner@whafh.com
2  Robert B. Weintraub  (*Admitted Pro Hac Vice*)
   Weintraub@whafh.com
3  WOLF HALDENSTEIN ADLER
4    FREEMAN & HERZ LLP
   270 Madison Avenue
5  New York, New York 10016
6  Telephone:  212/545-4600
   Facsimile:   212/545-4653
7  *Lead Counsel for Plaintiff on behalf of*
8  *the Davis New York Venture Fund*

9  Francis J. Balint, Jr.  (007669)
10 BONNETT FAIRBOURN FRIEDMAN
    & BALINT, P.C.
11 2901 North Central Avenue, Suite 1000
12 Phoenix, Arizona 85012
   Telephone: 602/274-1100
13 Facsimile:  602/274-1199
14 *Local Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
TUCSON DIVISION

| | |
|---|---|
| Donald Turner, on behalf of the Davis New York Venture Fund,<br><br>          Plaintiff,<br>     vs.<br><br>Davis Selected Advisers, L.P. and Davis Distributors, LLC,<br><br>          Defendants. | NO. 4:08-cv-00421-TUC-AWT<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' OPPOSITION BRIEF (DKT. 92) TO PLAINTIFF'S MOTION (DKT. 82) FOR RECONSIDERATION AND/OR CLARIFICATION OF MEMORANDUM ORDER CONCERNING SECTION 36(b)'s DAMAGES PERIOD, AND PLAINITFF'S REPLY IN SUPPORT OF MOTION TO RECONSIDER** |

## **TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION ........................................................................................ - 1 -

II. ARGUMENT:  DEFENDANTS' SO-CALLED "OPPOSITION" TO THE RECONSIDERATION MOTION, DOCKET 92, SHOULD BE STRICKEN .... - 2 -

III. DEFENDANTS' REMAINING ARGUMENTS ARE INAPPOSITE................. - 5 -

    A. Plaintiff's Claims Are Not Time Barred ...................................................... - 5 -

        **1.** The Statutory Language of Section 36(b) Itself Governs the Beginning of the Damages Period And Permits These Claims ................................... - 5 -

        **2.** If Applicable, the Relation Back Doctrine Permits These Claims.. - 6 -

        **3.** Defendants' Separate Transaction or Occurrence Argument Has Been Rejected By This Court and Other Courts.................................................. - 7 -

IV. CONCLUSION ........................................................................................... - 10 -

## I.     INTRODUCTION

Plaintiff Donald Turner ("plaintiff"), on behalf of the Davis New York Venture Fund ("Fund"), pursuant to the Federal Rules of Civil Procedure and LRCiv 7.2(e) & (m), respectfully moves the Court to strike Defendants so-called "Opposition" (Dkt. 92) to Plaintiff's Motion for Reconsideration and/or Clarification (Dkt. 82) (sometimes "*Dumond* Motion") on the ground that it exceeds the scope of, and is not authorized by, this Court's Order (Dkt. 90) that Defendants file a response to Plaintiff's motion. To the extent that this Court does not strike Defendants' Opposition, Plaintiff also submits this document as his reply brief in support of his Reconsideration Motion.

Plaintiff filed a three and one-half page motion for reconsideration and/or clarification, narrowly focused, with respect to this Court's holding in its Memorandum Order dismissing this action (Dkt. 80, sometimes "MO")) concerning the length of the damages period (at 11-12). The motion focused on the fact that this Court, based upon *Dumond v. Mass. Fin. Servs. Co.*, 2007 WL 602589 (D. Mass. 2007), cited by Plaintiff, adopted Plaintiff's position on the issue. The Court called Defendants position "a tortuous reading of the statutory language." The MO rejected the principal decision cited by defendants, *In re Franklin Mut. Funds Fee Litig.*, 478 F.Supp.2d 677 (D.N.J. 2007), holding that "[t]he reasoning of *In re Franklin* . . . overlooks the unambiguous language of the [ICA] statute." MO at 11-12. Nevertheless, this Court's ultimate one sentence holding inconsistently stated a totally different time period than that proffered by Plaintiff; in fact, a time period totally in conflict with *Dumond*.

The *Dumond* Motion argues that the Court's ultimate sentence, in its otherwise completely favorable analysis supporting Plaintiff's position, was either "manifest error" or a "typographical error.' Dkt. 82. This Court requested Defendant respond to the motion and nothing more. Dkt. 90.

Nevertheless, without making a motion or cross-motion for reconsideration, Defendants in their so-called "opposition" seek to relitigate large parts of their motion to dismiss – parts which this Court squarely addressed in its Memorandum Order (Dkt. 80)

1  and ruled against defendants.  If Defendants had wanted to relitigate those issues, they
2  should have made a motion for reconsideration, which they did not.
3        Plaintiff also made a separate motion under Rules 59 and 15 to alter or amend the
4  Judgment herein and permit the filing of a Second Amended Complaint ("SAC") (Dkt.
5  84).  Defendants responded by separate brief, Dkt. 86, to Plaintiff's Rule 59/15 motion.
6  Virtually all of Defendants' submission here (Dkt. 92) is an attempt to undermine local
7  rule page limits (LRCiv. 7.2(e)) by adding eleven pages of additional argument on the Rule
8  59/15 motion to the sixteen pages they already submitted (Dkt. 86) in opposition to that
9  motion.  These are the arguments Defendants failed to raise (or only raised in part) in
10 opposition to that motion.  Plaintiff should not be required to address with respect to his
11 *Dumond* Motion arguments which Defendants raised and lost in their prior motion to
12 dismiss, as well as Defendants' arguments herein which relate to the Rule 59/15 motion.
13       Most significant, on this *Dumond* Motion, Defendants never even cite, let alone
14 address, *Dumond*.  In fact, Defendants' opposition states "[a]s a threshold matter, the Court
15 need not address plaintiff's Motion for Reconsideration," Dkt. 92 at 2, when in fact this
16 Court directed them to address the *Dumond* Motion, and nothing more.

17 **II.  ARGUMENT: DEFENDANTS' SO-CALLED "OPPOSITION" TO THE
18      RECONSIDERATION MOTION, DOCKET 92, SHOULD BE STRICKEN**

19       Defendants' Point I and I.A., Dkt. 92 at 3, are entitled "Relation Back and Similar
20 Tolling Principles Do Not Apply to §36(b) Actions" and "The Time Bar of § 36(b)(3)
21 Does Not Allow for Tolling or Relation Back."  Defendants concede they previously made
22 this argument on their motion to dismiss the Amended Complaint ("AC"):

23     Because §36(b) claims are subject to a pure period of repose rather
24     than an ordinary statute of limitations, **plaintiff's proposed third
       complaint** does not relate back to earlier pleadings and must be limited to
25     attacking fees received by defendants during the one year period preceding
       the June 29, 2011 filing of plaintiff's Rule 59(e) motion. . . .  **Defendants
26     previously raised a similar argument in their second motion to Dismiss.**

27 Dkt. 92 at 3&n.2 (emph. added).  Defendants similarly concede that they:

28     **previously argued** that the §36(b) advisory fee claim alleged for the first
       time in the amended complaint did not relate back to plaintiff's initial

- 2 -

      complaint because the latter did not even attempt to state a claim for excessive advisory fees. **See Defendants' Motion to Dismiss** (filed June 23, 2009, dckt. No. 43) at 6-7.

Dkt. 92 at 6 n.4 (emph. added). This argument was, as Defendants concede (Dkt. 92 at 7 n.4) rejected by this Court and is now in fact the law of this case since Defendants have not sought reconsideration of that ruling. *Brown & Bain, P.A. v. O'Quinn*, No. 03-0923-PHX-ROS, 2006 U.S. Dist. LEXIS 7016 at *6-*9 (D. Ariz. Feb. 22, 2006) (law of the case includes subsidiary issues previously decided when the "court clearly intended to decide the issues at hand"); *see Miller v. AT&T Network Systems*, 722 F. Supp. 633, 641 (D, Ore. 1989) (law of the case concerns "questions" previously decided).[1] Moreover, to the extent that this argument may relate to the proposed SAC, Defendants should have made this argument in opposition to Plaintiff's Rule 59/15 motion, but did not. Since this argument does not relate to the *Dumond* Motion, Defendants' Points I and I. A. should be stricken from their response.

      The next section of their submission entitled "B. Plaintiff's Proposed Third Complaint Would Amount to a Post-Judgment Supplemental Pleading" on its face does not concern the *Dumond* Motion. Defendants even state at the beginning of this section "Plaintiff's Rule 59(e) motion therefore should be denied in its entirety." Dkt. 92 at 7. Defendants made this very argument in their Opposition to the Rule 59/15 motion, citing the same three cases *Parcel of Real Estate*, *Planned Parenthood* and *Biological Diversity*. Dkt. 86 at 9 n.9. Plaintiff distinguished those cases, Dkt. 91 at 3 n.3, stating in footnote 3

---

[1] Defendants cite here (Dkt. 92 at 5) the same principal cases they cited in their earlier brief in support of their motion to dismiss (Dkt. 43 at 8). *E.g.*, *Franklin, supra.* Defendants similarly cited *ING Principal Prot. Funds Derivative Litig.*, 369 F. Supp. 2d 163, 170-71 (D. Mass. 2005) in both briefs. In *ING*, the action originally was filed in 2003. In July 2004, a new "universal demand" statute took effect in the State. Thereafter, without making pre-suit demand, plaintiffs amended their complaint, adding seven directors as new defendants in a derivative claim under state law. The court found that the amended complaint did not relate back because to do so "would yield a result contrary to the purposes underlying statutes of repose." The new citations added by defendants at Dkt. 92 pages 5-6 either concerned intervenors (*Indymac*) or added plaintiffs (In re *Lehman*).

1  that this Court's *Dumond* analysis implicitly rejected Defendants' supplemental pleading
2  argument.  Indeed, as analyzed in detail below, *Dumond* expressly rejected Defendants'
3  supplemental pleading analysis.  This section likewise does not relate to the
4  reconsideration motion and also should be stricken.
5    Defendants' Section II is entitled "Each Advisory Fee Contract and 12b-1 Plan Is a
6  Separate Transaction or Occurrence" (Dkt. 92, beginning at page 8).  This Court's wholly
7  favorable analysis of *Dumond*, and rejection of the analysis in *Franklin*[2] and similar
8  decisions cited by Defendants both here and in their motion to dismiss (*Brever*, *Oja* and
9  *Lapidus*)[3] was premised upon the conclusion that it was unnecessary for a plaintiff to
10 repeatedly bring new actions.  Again, Defendants failed to make their own motion for

---

[2] Defendants' cited *Franklin* in support of their motion to dismiss, Docket 43, but this Court rejected *Franklin's* conclusion that because fee agreements are generally renewed on an annual basis "once a fee agreement is changed, a plaintiff would have to bring a new action."  Dkt. 80 at 12.  In *Franklin*, *id*. at 685, the court rejected plaintiff's argument that the one-year look back damage period for the 36(b) claim began not from one year before the 36(b) case was filed, but began from one year before an earlier, different action, a class action complaint under 36(b) had been filed.  The court had dismissed the 36(b) claim from the earlier case because it may not be brought as a class action.

[3] Docket 43 at 8, and, again, these decisions are wholly inapposite.  *In Brever v. Federated Equity Mgmt. Co. of Pa.*, 233 F.R.D. 429, 432 (W.D. Pa. 2005), plaintiffs sought to substitute in a completely different group of plaintiffs.  This would have expanded the damages period because the new plaintiffs would have sought damages under the original damages period through at least the time of their substitution, which would have expanded the damage period to encompass more than one year prior to their entry into the case.  In addition, the expanded damages period would have included services in the latter part of the damage period that had not been disputed by the original plaintiffs.  *Oja v. U.S. Army Corps of Eng'rs*, 440 F.3d 1122, 1134+-35 (9th Cir. 2006), is not on point because it concerned a second, separate disclosure on a second website.  Similarly, in *Lapidus v. Hecht*, Civ. No. 98-3130-MMC, 2002 U.S. Dist. LEXIS 14566, at *24-25 (N.D. Cal. May 17, 2002) (claims were based upon different facts, alleging violations of fundamental fund policies precluding investment of more than 25% of fund assets in one industry and restricting the percentage of allowable short sales).  In *Starr v. van Kampen Inv., Inc.*, 2006 WL 1581176 (D. Md. May 30, 2006) cited by Defendants for the first time in Dkt. 92 at 9, the claims likewise concerned different sets of facts, the new claims concerning market timing and late trading while the old claims concerned improper distribution practices.

1 reconsideration. Defendants' arguments do not relate to the *Dumond* Motion and Section
2 II should be stricken.
3    The only part of Defendants' "opposition" which addresses the *Dumond* Motion is
4 the one paragraph (less than one-half page) comprising the whole of Section III, on page
5 11 of Docket 92. The substance of this paragraph is addressed below at page 9.

6 **III.   DEFENDANTS' REMAINING ARGUMENTS ARE INAPPOSITE**

7    In case this Court does not strike the 10 ½ pages of Docket 92 unresponsive to this
8 Court's Order (Dkt. 90), out of the eleven pages of argument total, plaintiff responds
9 below to some of Docket 92's substantive arguments, none of which concern the *Dumond*
10 Motion. Plaintiff originally addressed these arguments in his brief opposing the motion to
11 dismiss (Dkt. 52, at 26-33). At most, each of these arguments relate to whether Plaintiff's
12 Rule 59/15 motion should be granted. They should be addressed, if relevant, with respect
13 to Plaintiff's Rule 59/15 motion and then only to the extent Defendants made them in their
14 opposition (Dkt. 86) to the Rule 59/15 motion. In any event, Defendants never made a
15 motion or cross-motion to have this Court reconsider its rulings on these issues.

16    **A.   Plaintiff's Claims Are Not Time Barred**

17       **1.   The Statutory Language of Section 36(b) Itself Governs the Beginning of the Damages Period And Permits These Claims**
18

19    Defendants argue that most of the proposed SAC is barred. Dkt. 92 at 3. This is
20 incorrect. Defendants previously made this argument on their motion to dismiss, Dkt. 92
21 at 3 n.2. To be sure, the statutory language of ICA §36(b) itself sets the damages period
22 for both the 12b-1 and advisory fee claims. Under the statute, the damage period for both
23 claims begins on July 28, 2007, one year prior to the filing of the original complaint. This
24 Court so held, and rejected Defendants' argument. MO at 11.
25    Plaintiff's original complaint, brought correctly as a direct action on behalf of the
26 Fund, asserted 12b-1 fee claims. When the complaint was amended on April 23, 2009, an
27 advisory fee claim was added to the AC. Pursuant to Section 36(b)(3), plaintiff may
28 undeniably recover excessive advisory fees accruing for the one-year period "before the

- 5 -

action was instituted," in this case one and the same action. *See, e.g. Green v. Fund Asset Mgmt., L.P.*, 286 F.3d 682, 685 (3d Cir. 2002) (damages were recoverable for one year period prior to filing of original complaint, though amended complaint filed three years later); *Forsythe v. Sun Life Fin., Inc.,* 417 F. Supp. 2d 100, 116 (D. Mass. 2006) (finding that damages period began one year prior to filing of original complaint, although amended complaint filed 11 months later was subject of motion to dismiss). Since the statute itself sets the damages period, the relevant time period for this claim is not dependent upon relation back principles under Rule 15.

Here, plaintiff filed the original Complaint on July 28, 2008, thereby instituting the action on that date in full compliance with Section 36. The damages period of Section 36(b) is governed by when the action is instituted; the damages period for both the 12b-1 and advisory fee claims are identical, with each beginning on July 28, 2007 (one year prior to the filing of the original complaint).

**2.     If Applicable, the Relation Back Doctrine Permits These Claims**

Defendants contend (Dkt. 92 at 3-4) that the proposed SAC "does not relate back to earlier pleadings . . . . given the unusual, substantive nature of § 36(b)(3)." Defendants made this exact same argument on their motion to dismiss (see *supra*, quotations from Defendants' Dkts. 92 and 43), which this Court rejected. This Court found the relation back doctrine applicable. MO at 9-10.

The original complaint, the AC, and now the SAC, all allege that the 12b-1 fee and/or advisory fees were each excessive and disproportionate even before the beginning of the one year look-back damage period (that is, before July 28, 2007), although damages were limited to beginning on July 28, 2007. Complaint ¶¶136-44 (alleging facts concerning Fund fiscal years beginning August 1, 2006); AC ¶¶11-12, 17-18, 201-03, 355 (same); SAC ¶¶75-88 (alleging excessiveness beginning no later than January 1, 2006). Accordingly, the damage periods for both claims similarly begin on July 28, 2007, one

1 year before the filing of the original complaint. MO, Dkt. 80 at 9.[4] If Defendants believed
2 this Court erred in its holding, they should have raised this issue by motion to reconsider.
3 They chose not to do so.
4      Additionally, the issue of relation back with respect to the proposed SAC should
5 have been addressed by Defendants in their opposition (Dkt. 86) to the Rule 59/15 motion.
6 The fact that Defendants did not make this argument in their 16 page brief in opposition to
7 the Rule 59/15 motion (Dkt. 86) should not given them license to assert these arguments in
8 response to the Court directive to respond to the *Dumond* Motion.

     **3.    Defendants' Separate Transaction or Occurrence Argument Has Been Rejected By This Court and Other Courts**

Defendants next argue that the proposed SAC does not relate back given that the fees are paid pursuant to different contractual arrangements and are for separate and distinct services. As a corollary argument, Defendants also assert that "the new complaint's allegations necessarily would relate to post-commencement events." Dkt 92 at 3. Defendants further state, without citation, that "courts in this circuit have recognized that it is generally inappropriate to reopen cases solely to allow plaintiffs to file a supplemental pleading. Therefore, because *all* of the new complaint's allegations necessarily would relate to post-commencement events, plaintiff's request to file a proposed third complaint should be denied in its entirety." Dkt. 92 at 2-3 (emph. added).

This Court's favorable discussion of and reliance upon the *Dumond* decision implicitly rejected Defendants' argument. Indeed, *Dumond* expressly rejected Defendants' argument, finding it was unnecessary to file a new complaint every year, and the supplemental pleading argument was inapplicable. Further, the bulk of the allegations, including the new allegations, in the SAC relate to the same time period as the AC, ending April, 2009. SAC ¶¶4, 52, 75-88, 95, 101, 121-26, 138-39, 148, 163, 190-200, 209-210

---

[4] This Court already has found that Plaintiff's prior statement in the original Complaint initially disavowing an advisory fee claim is of no bearing to the question of relation back. MO at 10. See Defendants' argument, Dkt. 92 at 6 n.4.

1   (the charts based upon Morningstar concern the period 2006 – 2011).

2   Moreover, Rule 15(c)(1) provides that "[a]n amendment of a pleading relates back
3   to the date of the original pleading when . . . the amendment asserts a claim or defense that
4   arose out of the conduct, transaction or occurrence set out – or attempted to be set out – in
5   the original pleading."  Courts must consider "whether the original and amended pleadings
6   share a common core of operative facts so that the adverse party has fair notice of the
7   transaction, occurrence, or conduct called into question."  Rule 15(c) "is to be liberally
8   applied," and a "new claim can be linked when it will likely be proved by the same kind of
9   evidence offered in support of the original pleadings."  "If the evidence tending to support
10  the facts alleged in the amended complaint could have been introduced under the former
11  pleading," relation back will save the new claim in the amended complaint.  *Long v. Ford*
12  *Motor Co.*, 07 Civ. 2206, 2008 WL 2937751, at *4 (D. Ariz. July 23, 2008).  *See, e.g.*,
13  *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004) (*citing Clipper Express v.*
14  *Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259-60 (9th Cir. 1982)).

15  Defendant's legal analysis concerning post-commencement events, which goes to
16  the proposed SAC, was expressly rejected in *Dumond*.  There, the Court held though
17  "changes from year to year in contract terms" meant that although a plaintiff might not be
18  able to prove his claim, the claim could proceed and discovery could be had without the
19  necessity of a supplemental pleading:

20  
21        Changes from year to year in contract terms, the compensation
    actually paid, and perhaps even broader economic or market conditions,
22  could mean that a defendant might be found to have violated a fiduciary
    duty in one year but not the next. It is by no means automatic that proof of a
23  breach and damages for the year preceding the filing of the complaint
    guarantees a finding of breach and damages for ensuing periods. The
24  limited point decided here is that the statute does not foreclose proof of
    such post-commencement damages.  2007 WL 602589 at *3.
25  
26  *Cf. In re American Mutual Funds Fee Litigation*, Case No. CV 04-5593, 2009 U.S. Dist.
    LEXIS 120597 (C.D. Cal. Dec. 28, 2009) ("*Corbi*") (*Passim*; After bench trial, Findings of
27  Fact and Conclusions of Law noted year to year changes).  In addition, the fees for all
28  

- 8 -

1 years, both the 12b-1 fees and advisory fees, will each be assessed under the same
2 *Gartenberg* "plus" factors. *Jones v. Harris Associates L.P.,* 130 S. Ct. 1418 (2010).
3       The cases Defendants cite in support of the existence of a separate transaction or
4 occurrence are factually inapposite, because they concern different types of conduct, and
5 Defendants cited these same cases in their motion to dismiss. Dkt. 43. See discussion
6 *supra* at note 3 concerning the *Brever, Oja and Lapidus* decisions.
7       Defendants' statements are also factually incorrect. The percentage charged for the
8 12b-1 fee did not change throughout the damage period. Even though the percentage
9 Defendants charged the Fund for the advisory fee was adjusted slightly during the relevant
10 time period (reduced by $750,000 from a total of $146.1 million in 2009 and $158.2
11 million in 2010), that is irrelevant under *Dumond* because a plaintiff has the right to allege,
12 and to obtain discovery to prove, excessiveness through the time of trial, if any, without
13 the necessity of a supplemental pleading. Further, the proposed SAC adds extensive facts
14 for the time period covered by the AC, which was filed on April 23, 2009, as well as the
15 period after April 23, 2009. See SAC ¶¶4, 52, 75-88, 95, 101, 121-26, 138-39, 148, 163,
16 190-200, 209-210 (the charts based upon Morningstar concern the period 2006 – 2011).
17 *See Dumond*. Finally, the original complaint, the AC, and now the SAC, all allege that the
18 12b-1 fees and/or advisory fees were each excessive and disproportionate even before the
19 beginning of the one year look-back damage period (that is, before July 28, 2007),
20 although damages were limited to beginning on July 28, 2007. Complaint ¶¶136-44
21 (alleging facts concerning Fund fiscal years beginning August 1, 2006); AC ¶¶11-12, 17-
22 18, 201-03, 355 (same); SAC ¶¶75-88 (alleging excessiveness beginning no later than
23 January 1, 2006), and continued through the date of the SAC. ¶75. See *Dumond*.
24       The Proposed Order (Dkt. 83) requests that "As a result, the damages period in this
25 case runs from July 28, 2007 through the present, and the time of trial if any." Defendants
26 argue, in the only paragraph of their submission (Dkt. 92 at 11) related to the *Dumond*
27 Motion, that the language requesting the damages period be extended "through the time of
28 trial if any" is "unwarranted" and should not be adopted by the Court. Defendants'

- 9 -

objection to only the "through time of trial" language is, in fact, tantamount to a concession that the time period stated in the MO's holding is incorrect and should be changed, as *Dumond* expressly rejected Defendants' analysis and, in essence, permitted "through the time of trial" proof.

## IV.   CONCLUSION

Plaintiff respectfully requests that this Motion to Strike be granted in all respects and that: (1) Defendants' Docket 92 be stricken, except for lines 3-15 on page 11 and the Conclusion on page 12 and (2) the Motion for Reconsideration should be granted in all respects with the last sentence of this Court's Memorandum Order (Dkt. 80) section III. C. changed to read "As a result, the damages period in this case runs from July 28, 2007 through the present, and the time of trial if any."

DATED:  August 23, 2011

Respectfully submitted,

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP

By:  /s/ Robert B. Weintraub
Daniel W. Krasner
Robert B. Weintraub
270 Madison Avenue
New York, New York 10016
Telephone:  (212) 545-4600
Facsimile:   (212) 545-4653
*Lead Counsel for Plaintiff on behalf of
the Davis New York Venture Fund*

Francis J. Balint, Jr.
BONNETT, FAIRBOURN, FRIEDMAN & BALINT
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone:  (602) 274-1100
Facsimile:  (602) 274-1199
Local Counsel for Plaintiff

666669v4