Daniel W. Krasner  (*Admitted Pro Hac Vice*)
Krasner@whafh.com
Robert B. Weintraub  (*Admitted Pro Hac Vice*)
Weintraub@whafh.com
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Telephone:   212/545-4600
Facsimile:   212/545-4653
*Lead Counsel for Plaintiff on behalf of
the Davis New York Venture Fund*

Francis J. Balint, Jr.  (007669)
BONNETT FAIRBOURN FRIEDMAN
 & BALINT, P.C.
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012
Telephone:  602/274-1100
Facsimile:  602/274-1199
*Local Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
TUCSON DIVISION

| | |
|---|---|
| Donald Turner, on behalf of the Davis New York Venture Fund,<br><br>           Plaintiff,<br>     vs.<br><br>Davis Selected Advisers, L.P. and Davis Distributors, LLC,<br><br>           Defendants. | NO. 4:08-cv-00421-TUC-AWT<br><br>**PLAINTIFF'S CONSOLIDATED REPLY IN SUPPORT OF HIS MOTION TO STRIKE AND OPPOSITION TO DEFENDANTS' MOTION FOR THE COURT TO TAKE JUDICIAL NOTICE** |

## TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION ........................................................................................... - 1 -

II. PLAINTIFF'S MOTION TO STRIKE SHOULD BE GRANTED...................... - 1 -

III. DEFENDANTS' MOTION TO TAKE JUDICIAL NOTICE OF OPINION ARTICLES SHOULD BE DENIED................................................................... - 4 -

IV. CONCLUSION ................................................................................................ - 8 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I. INTRODUCTION

Plaintiff Donald Turner ("plaintiff"), on behalf of the Davis New York Venture Fund ("Fund"), submits this memorandum of law both: (1) as a reply in support of Plaintiff's Motion to Strike (Dkt. 93) Defendants so-called "opposition" brief (Dkt. 92) and also (2) in opposition to Defendants' Motion (Dkt. 98) requesting the Court to take judicial notice of opinion pieces by Morningstar. This memorandum is being filed twice, once as his reply and once in opposition to Defendants' motion. Section II constitutes Plaintiffs' reply memorandum and Section III constitutes his opposition to Defendants' motion for judicial notice.

## II. PLAINTIFF'S MOTION TO STRIKE SHOULD BE GRANTED

Plaintiff filed his motion (Dkt. 93) to strike Defendant's brief (Dkt. 92) because Defendants' brief did not address the narrow, limited issue stated in both the reconsideration motion itself (Dkt. 82) and by the Court in its Order (Dkt. 90) requesting Defendants respond to Plaintiff's motion. Instead, Defendants brief (Dkt. 92) reargues their opposition to Plaintiff's separate motion under Rules 59 and 15 to reopen the Judgment and permit Plaintiff to file his Second Amended Complaint ("SAC"), and is an attempt to circumvent local rule page limits (LRCiv. 7.2(e)) by adding eleven pages of additional argument on the Rule 59/15 motion to the sixteen pages they already submitted (Dkt. 86) in opposition to that motion. See Pltf's Br. Dkt. 93 at 2.

Defendants' response concedes their motive; *i.e.*, to reargue this Court's holding on the relation back doctrine and statutes of repose,[1] which they did not seek to reargue by motion. This Court previously held the relation back doctrine applicable here, and

---

[1] Defendants' brief states "Plaintiff is correct that, while defendants respectfully reserve their rights, defendants are not seeking to relitigate this Court's conclusions regarding *Dumond*. Instead, defendants have presented a number of reasons why plaintiff's request that the Court expand the potential time period for this lawsuit should be denied even if *Dumond* accurately states the law." Defendants' Br. Dkt. 97 at 2. It must also be noted that Plaintiff is not asking that this Court expand the time period for this action; it is Defendants who are seeking to narrow that time period.

necessarily rejected Defendants' statute of repose argument.  *See* Memorandum Order dismissing this action, Dkt. 80 at 9-12 (sometimes "MO").

This Court cited the *Dumond v. Mass. Fin. Servs. Co.*, 2007 WL 602589 (D. Mass. 2007) decision with approval and rejected Defendants' analysis of the damages period, including rejecting the case law cited by Defendants, The Court called defendants' position "a tortuous reading of the statutory language."  MO, Dkt. 80 at 11.  The MO rejected the primary authority relied on by defendants, *In re Franklin Mut. Funds Fee Litig.*, 478 F.Supp.2d 677 (D.N.J. 2007), holding that "[t]he reasoning of In re *Franklin* . . . overlooks the unambiguous language of the [ICA] statute." MO at 11-12.  Plaintiff's motion for reconsideration and/or clarification concerned merely the inconsistent holding in light of the Court's analysis; plaintiff's motion describes the court's holding as "either manifest error or a typographical error."  Dkt. 82 at 4.

Not only does *Dumond* expressly reject Defendants' contentions that the motion for reconsideration should be denied, but so do other cases which held that the damages period extended through trial.  Indeed, two cases cited frequently by the parties hereto, *Gartenberg v. Merrill Lynch Asset Management, Inc.*, 694 F.2d 923 (2d Cir. 1982), and *Corbi* (*In re American Mutual Funds Fee Litigation*, Case No. CV 04-5593, 2009 U.S. Dist. LEXIS 120597 (C.D. Cal. Dec. 28, 2009), were both decided after trial and did not limit the damage period as sought by Defendants.[2]  The only limitation on the damages period those courts found is the one year prior to the filing of the original complaints.

---

[2] In *Corbi*, the original complaint was filed on July 15, 2004; the Consolidated Amended Complaint (Dkt. 70) was filed on March 28, 2005; the Second Amended Complaint (Dkt. 153) was filed on February 16, 2006; the Third Amended Complaint (Dkt. 196) was filed on January 30, 2007; the Fourth Amended Complaint (Dkt. 247) was *filed more than one year later* on May 16, 2008, and *the trial began more than one year after* the filing of the Fourth Amended Complaint on July 28, 2009 (Dkt. 535).  *Corbi* Docket sheet.  Nevertheless, the damage period tried at trial ran from July 15, 2003 (one year before the original complaint was filed) "through trial and the entry of judgment." *Id*. Dkt. 240.  Indeed, in *Corbi*, the Court Ordered this damage period, *Id*. Dkt. 240, even though the Stipulation permitting the filing of the Fourth Amended Complaint and containing the (continued…)

- 2 -

1      In addition, this court held that when the "plain language of the statute
2 unambiguously indicate[s]" a particular result, the court's inquiry ends.  *Zuni Pub. Sch.*
3 *Dist. No. 99 v. Dep't of Educ.*, 550 U.S. 81, 93 (2007); *Cassirer v. Kingdom of Spain*, 616
4 F.3d 1019, 1028 (9th Cir. 2010) (en banc) ("In the normal event our task is over when a
5 statute is clear on its face.").  Dkt. 80 at 11.  This Court found ICA section 36(b) clear on
6 its face:  it related to only the commencement of the damages period and nothing more.
7 MO at 11-12.
8      Although in view of this Court's prior analysis, it is not necessary for this court to
9 address Defendants' tolling argument, just last week yet another United States District
10 Court rejected Defendants' argument that a statute of repose can never be tolled.  *In re*
11 *Morgan Stanley Mortgage Pass-Through Certificates Litigation*, 09 Civ. 2137
12 (LTS)(MHD), 2011 U.S. Dist. LEXIS 104280 at *41-*50 (S.D.N.Y. Sept. 15, 2011).
13      Defendants inexplicably state that Plaintiff concedes relation back principles do not
14 apply.  Dkt. 97 at 4.  This is incorrect.  All Plaintiffs argued was that the statutory language
15 of ICA Section 36(b) itself governed the beginning of the damages period but that if the
16 relation back doctrine was applicable, the amended complaint related back to the original
17 complaint.  Pltf's Br., Dkt. 52 at 27-28.  The Court found both that the complaint related
18 back and that Section 36(b)'s damages language controlled the beginning of the damages
19 period but did not constitute an end to the damages period.  Dkt. 80 at 9-12.  Defendants'
20 cases at Docket 97, page 5 and note 3, are inapposite.[3]

---

(…continued)
longer damages period was filed May 8, 2008, more than one year after the filing of the
Third Amended Complaint.

[3] Section 36(b) does not limit the damages period going forward, and Defendants' statute
of repose argument is irrelevant to that issue. Defendants' cases at page 5 and note 3 are
simply inapposite to the facts here.  *E.g.*, *Humphreys v. United States*, 272 F.2d 411, 412
(9th Cir. 1959) (plaintiff asked for and obtained voluntary dismissal in Oregon federal
court in order to refile in Arkansas federal court, but missed statute of limitations deadline
in Arkansas).

- 3 -

Lastly, Defendants challenge Plaintiff's right to move to reconsider/clarify under L.R. 7.2, suggesting this Court should gut L.R. 7.2 by limiting its application to interlocutory motions, despite its express language.  Dkt. 97 at 1 n.2, citing *Ketchum v. City of Vallejo*, S-05-1098 RRB JFM, 2007 WL 4356137, at *1 n.2 (E.D. Cal. Dec. 11, 2007).  Defendants are incorrect.[4]

### III. DEFENDANTS' MOTION TO TAKE JUDICIAL NOTICE OF OPINION ARTICLES SHOULD BE DENIED

Defendants' motion (Dkt. 98) seeks to have this Court take judicial notice of opinion articles written by analysts for Morningstar.  Defendants misrepresent the reason for their motion, claiming it is because Plaintiff, in his reply brief in support of his Rule 59/15 motion, objected to Defendants citation to a different Morningstar opinion article only because it concerned a time period not relevant herein.  Dfts' Br., Dkt. 98, at 2.  This is untrue.  Plaintiff objected to Defendants' proffer of the untimely Morningstar article on two grounds, including that Defendants cited the article for opinions and not facts.  Pltf's Br., Dkt. 91 at 10, *citing Curran v. Principal Mgmt. Corp., LLC*, 09 Civ. 433, 2010 U.S. Dist. LEXIS 83730 *32-*36 (S.D. Iowa June 8, 2010).  Defendants' followup motion here for judicial notice should be denied because, similarly, the articles are proffered for their opinions and not facts.

Defendants also both misrepresent the doctrine of judicial notice and conflate two

---

[4] Defendants argue that motions for reconsideration "typically embrace only interlocutory orders." Dkt. 97 at 3 n.1.  Beyond the fact that "typically" does not encompass a complete bar, in *Ketchum*, plaintiff's inappropriately brought their motion for reconsideration pursuant to Rule 59.  Moreover, the Local Rule does not limit a reconsideration motion to only interlocutory orders.  *Significantly, Defendants did not argue in their brief opposing the reconsideration motion that it was improperly filed.*  The motion to reconsider/clarify was properly filed given the inconsistent final statement in the Court's *Dumond* analysis.  Such a motion will at minimum facilitate focusing the issue on appeal.

Further, since Defendants did not ask this Court to reconsider issues addressed by the Order of Dismissal, their arguments are inappropriate.  See the case cited by Defendants, *Ketchum*, where a cross-motion for reconsideration was made.  523 F. Supp. 2d 1150.

- 4 -

separate doctrines concerning judicial notice into one.  The two doctrines are judicial notice under Federal Rule of Evidence 201 and judicial notice under the doctrine of "incorporation by reference."

Federal Rule of Evidence 201, "Judicial Notice of Adjudicative Facts," states:

> (b)  Kinds of facts.  A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

Under the doctrine of incorporation by reference, judicial notice of the full text of the document is proper where:  (1) the document is "extensively" referenced in the complaint; or (2) even where the document is not extensively referenced in the complaint, the document nevertheless forms the "basis" of plaintiff's complaint.  Moreover, the court may not take judicial notice of facts that are subject to reasonable dispute (see cases below).  These doctrines are analyzed below.

Defendants' motion in effect concedes its failure.  Defendants correctly state that the proposed Second Amended Complaint repeatedly refers to Morningstar "data" in its allegations.  Dkt. 98 at 2.  However, Defendants' motion similarly, but disingenuously, refers to the articles submitted upon their motion as "data." *Id*.  Defendants' characterization of the articles they seek to admit is incorrect.  The proffered articles are "opinion" pieces, not data, and opinions are inadmissible, particularly on a motion to dismiss.  If Defendants want to attempt to make these opinion articles admissible, they should retain the authors of the articles as expert witness, subject to deposition, and then move to admit the opinions contained in the articles for use on summary judgment and at trial.

Judicial notice under Federal Rule of Evidence 201 should be denied where the "facts," as here, are subject to reasonable dispute.  Here, the "facts" proffered by Defendants are subject to reasonable dispute because they are opinions. *E.g., Baker v. Barnhart, Comm'r*, 457 F.3d 882, 890-92 & n.4 (8th Cir. 2006) (after trial before ALJ,

1  appeals court held that district court abused its discretion by taking judicial notice of article
2  which was not introduced at trial because the article constituted extra-record expert
3  opinion); *U.S. v. Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) (whether individual had
4  actual notice was fact subject to reasonable dispute); *Lee v. City of Los Angeles*, 250 F.3d
5  668, 689-90 (9th Cir. 2001) (district court erred when taking judicial notice of disputed
6  facts); *U.S. v. Decker*, 600 F.2d 733, 739 (9th Cir. 1979) ("opinions" in testimony were in
7  reasonable dispute and hence inadmissible under Fed. R. Evid. 201); *Eclectic Prop. East v.*
8  *The Marcus & Millichap Co.*, No. C-09-00511 RMW, 2011 U.S. Dist. LEXIS 41251 at
9  *11-*12 (N.D. Cal. Apr. 12, 2011) (judicial notice prohibited where a fact is subject to
10 reasonable dispute); *In re Easysaver Rewards Litig.*, 737 F. Supp. 2d 1159, 1171 (S.D. Cal.
11 2010) (conclusions of U.S. Senate Committee report denied judicial notice because they
12 "involve interpretation, opinion, and judgment"); *In re Graphics Processing Units*
13 *Antitrust Litigation*, 540 F. Supp. 2d 1085, 1091 (N.D. Cal. 2007) (different press releases
14 constituted "opinion").

15      Here, the articles submitted by Defendants are not submitted for any factual content.
16 They are submitted as opinion to encourage the Court to reach a conclusion contrary to the
17 factual record:  that the Defendants' conduct does not rise to the level of a violation of ICA
18 Section 36(b).

19      Similarly, in order for a court to take judicial notice under the incorporation by
20 reference doctrine, plaintiff must either (a) "extensively" reference the document in the
21 complaint and directly rely on its contents, or (b) where the document is not extensively
22 referenced in the complaint, the document still must form the "basis" of the complaint.[5]
23 Mere mention of the existence of the document is insufficient to incorporate by reference.

---

[5] For example, in an insurance dispute, a plaintiff's claim about insurance coverage must be based upon the contents of a coverage plan.  Few references to a written coverage plan are necessary to qualify as extensive and, even where not extensively referenced in the complaint, in any event the written insurance contract would form the basis of the complaint.  *See Paramount Contractors* below.

1 Similarly, as with judicial notice under Fed. R. Evid. 201, the contents of the document
2 must not be subject to reasonable dispute.
3    Numerous decisions support the conclusion that Defendants' motion for judicial
4 notice to incorporate by reference the Morningstar articles should be denied.  *E.g., U.S. v.*
5 *Ritchie*, 342 F.3d 903, 908-09 (9th Cir. 2003) (judicial notice denied where documents not
6 referred to extensively and did not form the "basis" of the complaint; mere mention of the
7 existence of the document insufficient to incorporate by reference, and handwriting on
8 envelope would be in dispute); *Lee*, 250 F.3d at 668, 688-89 (judicial notice requires that
9 plaintiff's complaint "necessarily rely" upon document); *Paramount Contractors v. City of*
10 *Los Angeles*, CV 08-5653 ABC (PLAx), 2011 U.S. Dist. LEXIS 85276 at *19-*21 (C.D.
11 Cal. Aug. 2, 2011) (incorporation by reference denied because document not referred to
12 "extensively" and does not form the "basis" of plaintiff's claim; discovery required);
13 *Eclectic Prop. East v. The Marcus & Millichap Co.*, No. C-09-00511 RMW, 2011 U.S.
14 Dist. LEXIS 41251 at *11-*14 (N.D. Cal. Apr. 12, 2011) (judicial notice denied; although
15 the complaint references the purchase-sale agreements numerous times, plaintiffs' claims
16 do not depend on the contents of the documents because contents would relate to a breach
17 of contract claim; but, only fraud claims were asserted and fraud-based claims do not
18 legally depend on the contracts governing allegedly fraudulent transactions.  To grant
19 judicial notice would have converted the motion to dismiss to one for summary
20 judgment.); *Adams v. Kraft*, Case No. 10-CV-00602-LHK, 2011 U.S. Dist. LEXIS (N.D.
21 Cal Mar. 8, 2011) (judicial notice denied as there was no incorporation by reference
22 because the complaint did not "necessarily rely" on the documents); *In re Graphics*
23 *Processing Units Antitrust Litigation*, 540 F. Supp. 2d 1085, 1091 (N.D. Cal. 2007) (where
24 plaintiffs cited certain press articles in the complaint, court denied judicial notice to other
25 very similar articles that were not cited in the complaint because plaintiff did not rely
26 "solely" on the articles; articles are not always accurate and can be contradicted by other
27 information from other public sources; and the views in the articles constituted opinions).
28    Here, the proffered SAC does none of these things.  The SAC relies only on

1  uncontested data assembled by Morningstar, data which the Defendants do not dispute.
2  Plaintiff did not expressly reference or incorporate by reference any opinions of
3  Morningstar,[6] or expressly allude to or "necessarily rely" upon any of these particular
4  opinion articles by Morningstar for which Defendants seek judicial notice.[7]

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that his motion to strike be granted in all respects and that Defendants' motion to take judicial notice of opinion articles by Morningstar be denied in its entirety.

DATED:  September 19, 2011

Respectfully submitted,

WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP

By:  /s/ Robert B. Weintraub
Daniel W. Krasner
Robert B. Weintraub
270 Madison Avenue
New York, New York 10016
Telephone:   (212) 545-4600
Facsimile:   (212) 545-4653
*Lead Counsel for Plaintiff on behalf of
the Davis New York Venture Fund*

---

[6] Every article proffered by Defendants on their motion has an individual, natural person author who Defendants could seek to retain as an expert witness to be deposed during discovery.  The SAC does not cite to any Morningstar articles by a natural person author. Nor are the Morningstar Stars five-year return and risk ratings "opinion."  As set forth in the SAC, they are computed according to a mathematical methodology.  SAC ¶109 n.2.

[7] The cases cited by Defendants at page 3 n.4 of their motion (Dkt. 98) are inapposite. *Swartz* reversed the district court's grant of judicial notice.  476 F.3d 756, 763 (9th Cir. 2007).  *Cashcall* denied the motion for judicial notice in relevant part, 2009 U.S. Dist. LEXIS 53895 at *34, with respect to NACHA rules released by an industry organization. In *Knievel*, 393 F.3d 1068, 1076-77 (9th Cir. 2005), in order to access the one photograph attached to plaintiff's complaint, a reader first had to view at minimum nine photographs that preceded it.  Defendants sought judicial notice for the nine photographs and the website home page.

- 8 -

| | |
|---|---|
| 1 | |
| 2 | Francis J. Balint, Jr.<br>BONNETT, FAIRBOURN, FRIEDMAN & BALINT |
| 3 | 2901 N. Central Avenue, Suite 1000<br>Phoenix, AZ 85012 |
| 4 | Telephone:  (602) 274-1100 |
| 5 | Facsimile:  (602) 274-1199<br>Local Counsel for Plaintiff |
| 6 | 668451v5 |

- 9 -