K&L GATES LLP
1601 K Street, NW
Washington, DC  20006
Telephone: 202-778-9000

Stephen G. Topetzes (Admitted *pro hac vice*)
stephen.topetzes@klgates.com
Nicholas G. Terris (Admitted *pro hac vice*)
nicholas.terris@klgates.com
Nicole A. Baker (Admitted *pro hac vice*)
nicole.baker@klgates.com

LAW OFFICE OF SHANNON GILES, PLLC
2205 East Speedway Boulevard
Tucson, AZ  85719
Telephone: 520-327-1343

Shannon L. Giles (#018786)
Shannon.Giles@me.com

*Counsel for Defendants Davis Selected Advisers,
L.P. and Davis Distributors, LLC*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| DONALD TURNER, on behalf of the DAVIS NEW YORK VENTURE FUND, <br><br>Plaintiff, <br><br>vs. <br><br>DAVIS SELECTED ADVISERS, L.P. and DAVIS DISTRIBUTORS, LLC, <br><br>Defendants. | NO. CV-08-421-TUC-JMR <br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S THIRD NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF RULE 59 MOTION TO ALTER OR AMEND JUDGMENT AND RULE 15 MOTION FOR LEAVE TO AMEND THE SHAREHOLDER'S AMENDED COMPLAINT** |

Plaintiff has filed another "notice of supplemental authority," dckt. no. 106, November 16, 2011, concerning an unpublished, out-of-circuit district court decision - Brecher v. Citigroup, Inc., 09 Civ. 7359 (SHS), 2011 WL 5525353 (S.D.N.Y. Nov. 14, 2011).

Inasmuch as Brecher may be read to suggest that "the liberal amendment policy of Rule 15 guides this Court's consideration" of a post judgment motion to amend, 2011 WL 5525353, at *1, it is simply contrary to controlling law. Weeks v. Bayer, 246 F.3d 1231, 1236 (9th Cir. 2001) (The "policy interests that require courts to liberally grant leave to

amend" pursuant to Fed. R. Civ. P. 15(a) are "inapposite" in the post-judgment context. "The issue is not leave to amend, as [plaintiff] did not seek to amend his complaint prior to the entry of judgment. The question is whether the court, when it dismissed the case, committed some clear error that required it to reopen that judgment.").

Moreover, notwithstanding plaintiff's erroneous hypothesis, even in the Second Circuit, where Brecher was decided, there is **no** "broad rule to the effect that, in a case of a counseled plaintiff, abuse of discretion will be found and the case remanded whenever a district court fails to provide for repleading." Porat v. Lincoln Towers Cmty. Ass'n, 464 F.3d 274, 276 (2d Cir. 2006).

More importantly, as the Ninth Circuit recently reiterated yet again in Fossen v. Blue Cross and Blue Shield of Montana, Inc., 660 F.3d 1102, 1114 (9th Cir. 2011), there is no such rule here. The Fossen court affirmed the denial of leave to amend where a plaintiff first asserted a new theory in opposition to summary judgment. Id. at 1115. Among other things, Fossen noted that "an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable." Id., quoting AmerisourceBergen Corp. v. Dialysist West, Inc., 465 F.3d 946, 953 (9th Cir. 2006).

Here, as defendants have previously noted, plaintiff's proposed new complaint rehashes allegations that this Court has already rejected and relies on facts that have been publicly available since the action began years ago. Accord William O. Gilley Enter. v. Atlantic Richfield Co., 588 F.3d 659, 669 n.8 (9th Cir. 2009) ("a district court does not abuse its discretion in denying a motion to amend a complaint when the movant presented no new facts but only new theories and provided no satisfactory explanation for his failure to fully develop his contentions originally") (citation and internal quotation marks omitted).

For this and multiple other reasons previously discussed by defendants, plaintiff cannot seriously contend that the Court's order of dismissal with prejudice was an abuse of discretion. Thus, there is no basis to re-open the judgment.

|   |   |   |
|---|---|---|
| | | Respectfully submitted, |
| | | K&L GATES LLP |
| Dated:  December 5, 2011 | By: | /s/ Stephen G. Topetzes |

Stephen G. Topetzes
Nicholas G. Terris
Nicole A. Baker
1601 K Street, NW
Washington, DC  20006
- and -
Shannon L. Giles
Law Office of Shannon Giles, PLLC
2205 East Speedway Boulevard
Tucson, AZ  85710

*Counsel for Defendants Davis Selected Advisers, L.P. and Davis Distributors, LLC*

3

CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of December, 2011, I electronically submitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing for the following CM/ECF registrants: Francis J. Balint, Jr. fbalint@bffb.com; Daniel W. Krasner, Krasner@whafh.com; and Robert B. Weintraub, Weintraub@whafh.com.

/s/ Stephen G. Topetzes

K&L GATES LLP
1601 K Street, NW
Washington, DC  20006