IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| DONALD TURNER, ) | No. CV-08-421-TUC-AWT |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER ON RECONSIDERATION** |
| ) | |
| DAVIS SELECT ADVISERS LP; ) | |
| DAVIS DISTRIBUTORS LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

    Before the Court is Plaintiff's Motion for Reconsideration and/or Clarification of Memorandum Order Concerning Section 36(b)'s Damages Period (Doc. 82), referring to the Memorandum Order (Doc. 80) in which this Court dismissed, without leave to amend and with prejudice, all counts alleged in the Amended Complaint. Plaintiff has also filed a Rule 59 Motion to Alter or Amend the Judgment and Rule 15 Motion for Leave to Amend the Shareholder's Amended Complaint (Doc. 84), requesting that the judgment be amended and leave granted to file a Second Amended Complaint (Doc. 84, Ex. 1). Also pending are Plaintiff's Motion to Strike Defendants' Opposition Brief (Doc. 93), relevant to Plaintiff's Motion for Reconsideration and/or Clarification, as well as Defendants' Motion for the Court to Take Judicial Notice (Doc. 98). For the reasons stated below, Plaintiff's Motion for Reconsideration and/or Clarification of Memorandum Order (Doc. 82) is granted, Plaintiff's motion under Rules 15 and 59 (Doc. 84) is denied, Plaintiff's

1  Motion to Strike Defendants' Opposition Brief (Doc. 93) is denied as moot, and
2  Defendants' Motion for the Court to Take Judicial Notice (Doc. 98) is granted in part and
3  denied in part.

**I.   Plaintiff's Motion for Reconsideration and/or Clarification of Memorandum Order Concerning Section 36(b)'s Damages Period (Doc. 82)**

Plaintiff contends that the Court erred in its Memorandum Order, wherein it concluded that "the damages period in this case runs from July 28, 2007, to July 28, 2008." Doc. 82 at 3-4. Defendants have filed an Opposition Response (Doc. 92) and Plaintiff has filed a Reply (Doc. 95).

Plaintiff's motion for reconsideration concerns the Court's determination of the § 36(b)(3)'s damages period and whether it should extend from either one year before the July 28, 2008 original filing date of the complaint, or from July 28, 2007, to the present. Doc. 80 at 11-12. Both parties agreed there could be no damages before July 28, 2007. *Id.* at 11. In the Memorandum Order, the Court found the plain language of § 36(b)(3) of the Investment Company Act of 1940 ("ICA"), 15 U.S.C. § 80a-35(b), limits only past damages and is silent as to prospective damages. Doc. 80 at 11-12. The Court considered several cases, including *Dumond v. Mass. Fin. Servs. Co.*, 2007 WL 602589 (D.Mass. 2007), which contained a compelling analysis. In *Dumond*, the court discussed § 36(b)(3)'s damages provision as imposing a "backward looking" limitation on damages while permitting "ongoing damages to be proved through trial and entry of judgment on the claim." *Id.* at *1.

Pursuant to Local Rule 7.2(g)(1), the Court will grant a motion for reconsideration upon a showing of manifest error. Plaintiff has correctly identified that the cited statement in the Memorandum Order is in error, and Plaintiff's Motion for Reconsideration and/or Clarification is granted. The sentence in the Memorandum Order (Doc. 80), Section III C at 12, lines 23-24 which reads "As a result, the damages period in this case runs from July 28, 2007, to July 28, 2008" is hereby corrected to read: "As a

- 2 -

1 result, the damages period in this case runs from July 28, 2007, through the present and
2 the time of trial, if any."

3     The Court has also become independently aware of a typographical error in the
4 Memorandum Order, wherein Plaintiff Turner is sometimes mistakenly referred to as
5 "Smith." *See* Doc. 80 at page 9 lines 3 & 11, page 10 line 24, page 14 line 24, and page
6 15 line 1. The Memorandum Order is hereby corrected *sua sponte* in all instances to refer
7 to the Plaintiff as Turner, rather than Smith.

8 **II.     Plaintiff's Rule 59 Motion to Alter or Amend Judgment and Rule 15 Motion**
9        **for Leave to Amend the Amended Complaint (Doc. 84)**

10     Post-judgment relief pursuant to Federal Rule of Civil Procedure 59(e) is "an
11 extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Heron*, 634
12 F.3d 1101, 1111 (9th Cir. 2011). "[O]nce judgment has been entered in a case, a motion
13 to amend the complaint can only be entertained if the judgment is first reopened under a
14 motion brought under Rule 59 or 60." *Lindauer v. Rogers,* 91 F.3d 1355, 1357 (9th
15 Cir.1996). Judgment is "not properly reopened 'absent highly unusual circumstances,
16 unless the district court is presented with newly discovered evidence, committed clear
17 error, or if there is an intervening change in the controlling law.'" *Weeks v. Bayer*, 246
18 F.3d 1231, 1236 (9th Cir. 2001) (quoting *389 Orange St. Partners v. Arnold,* 179 F.3d
19 656, 665 (9th Cir.1999)). A Rule 59(e) motion "may not be used to relitigate old matters,
20 or to raise arguments or present evidence that could have been raised prior to the entry of
21 judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal
22 quotation marks omitted); *see also* LR Civ. 7.2(g)(1) ("The Court will ordinarily deny a
23 motion for reconsideration of an Order absent a showing of manifest error or a showing
24 of new facts or legal authority that could not have been brought to its attention earlier
25 with reasonable diligence.").

26     Plaintiff seeks to reopen the judgment and file a Second Amended Complaint,
27 contending that "he could not know the deficiencies . . . in his pleading until the Court
28
- 3 -

1   decided [the] motion to dismiss and set forth the deficiencies [of the Amended
2   Complaint] in its [order]." Doc. 84 at 1.  Plaintiff has lodged a proposed Second
3   Amended Complaint that allegedly cures all deficiencies found by the Court in its
4   Memorandum Order.  Plaintiff contends the Second Amended Complaint is considerably
5   shorter than the Amended Complaint, adds many factual allegations comparing the Fund
6   to other similar funds, and demonstrates why the fees charged are excessive and could not
7   possibly be the product of an arms-length bargain.  Doc. 84 at 2 n.2.

8   　　　Plaintiff filed his original Complaint (Doc. 1) on July 28, 2008.  Defendants
9   moved to dismiss (Doc. 17) and Plaintiff filed an Amended Complaint as of right on April
10  23, 2009 (Doc. 33).  On June 23, 2009, Defendants moved to dismiss (Doc. 43) the
11  Amended Complaint.  The parties filed extensive briefing on the issues.  *See* Docs. 17,
12  31, 29, 30, 32, 43-45, 52, 58, 60, 63-64, 73-76, 79.  At a hearing on May 17, 2011, the
13  Court noted it was possible that the hearing could result in a dispositive order.  *See* Doc.
14  86 at 4.  Plaintiff did not seek leave further to amend the complaint following the Court's
15  remarks at the hearing.  The Court filed its Memorandum Order dismissing the case on
16  June 1, 2011 (Doc. 80) and Judgment was entered on the same day (Doc. 81).

17  　　　Plaintiff now argues that the judgment should be reopened to prevent manifest
18  injustice, and that he should be allowed to file an amended complaint to cure the
19  deficiencies found by this Court in its Memorandum Order.  Notably, Plaintiff does not
20  base his motion on newly discovered evidence, he does not contend that the Court
21  committed clear error, and he does not argue an intervening change in the controlling law.
22  Indeed, Plaintiff avows that the proposed Second Amended Complaint "contains no new
23  legal theories" and "alleges many additional facts supporting Plaintiff's allegation that the
24  fees charged by defendants during the relevant period violated § 36(b)."  Doc. 91 at 2.

25  　　　Plaintiff had sufficient opportunity to submit a further amended complaint, with
26  additional factual allegations based on evidence readily available, prior to the Court's
27  dispositive ruling and in light of the parties' extensive briefing.  As such, the Court
28  
- 4 -

1  concludes that Plaintiff has not set forth sufficient reasons for allowing the extraordinary
2  remedy of reopening the judgment and permitting an amended complaint to be filed.
3  Plaintiff's Rule 59 Motion to Alter or Amend the Judgment and Rule 15 Motion for
4  Leave to Amend the Amended Complaint (Doc. 84) is therefore denied.

5  **III.    Plaintiff's Motion to Strike (Doc. 93)**

6  Plaintiff asks the Court to strike Defendants' Opposition Brief (Doc. 92) to
7  Plaintiff's Motion for Reconsideration (Doc. 82). Defendants have filed a Response
8  (Doc. 97) and Plaintiff has filed a Reply (Doc. 101). Pursuant to Local Rule 7.2(m), "a
9  motion to strike may be filed only if it is authorized by statute or rule, such as Federal
10 Rules of Civil Procedure 12(f), . . . or if it seeks to strike any part of a filing or submission
11 on the ground that it is prohibited (or not authorized) by a statute, rule, or court order."
12 Rule 12(f) allows "any redundant, immaterial, impertinent, or scandalous matter" to be
13 stricken "from a *pleading*[.]" Fed. R. Civ. P. 12(f) (emphasis added).  Rule 7(a) defines
14 allowable "pleadings" as complaints and answers, answers to counterclaims, answers to
15 cross-claims, third party complaints and answers, and court-ordered replies to answers.
16 Fed.R.Civ.P. 7(a). Applying the *expressio unius* rule of construction, everything else is a
17 motion or "other paper[]." *See* Fed. R. Civ. P. 7(b). Defendants' opposition brief is
18 therefore not a pleading under the Rules. Accordingly, Plaintiff's Motion to Strike (Doc.
19 93) is denied. *See Yount v. Regent Univ., Inc.*, 2009 WL 995596 at *11 (D.Ariz. 2009)
20 (holding that an affidavit is not a pleading and cannot normally be stricken).

21 **IV.    Defendants' Motion for the Court to Take Judicial Notice (Doc. 98)**

22 Defendants have filed a Motion for the Court to Take Judicial Notice of a number
23 of Morningstar reports dated 2007 to 2011. Doc. 98 at 3. Defendants' motion is denied
24 in part and granted in part. The motion is denied in that it is rendered moot by the Court's
25 decision denying Plaintiff's Rule 59 Motion to Alter or Amend the Judgment and Rule 15
26 Motion for Leave to Amend. It is granted for the sake of a complete record in that the
27 Court will allow the Morningstar reports to be filed as part of the record as a proffer, to

28
- 5 -

the extent they may be referenced in Plaintiff's Proposed Amended Complaint (Doc. 84, Ex. 1) and Defendants' Opposition to Plaintiff's Rule 59(e) and Rule 15 Motions (Doc. 86).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration and/or Clarification of Memorandum Order Concerning Section 36(b)'s Damages Period (Doc. 82) is **GRANTED**. The sentence in the Memorandum Order (Doc. 80), Section III C at 12, lines 23-24 which reads "As a result, the damages period in this case runs from July 28, 2007, to July 28, 2008" is corrected to read: "As a result, the damages period in this case runs from July 28, 2007, through the present and the time of trial, if any."

**IT IS FURTHER ORDERED** that, on the following pages of the Memorandum Order (Doc. 80), the name "Turner" is substituted for the name "Smith": page 9 lines 3 & 11, page 10 line 24, page 14 line 24, and page 15 line 1.

**IT IS FURTHER ORDERED** that Plaintiff's Rule 59 Motion to Alter or Amend Judgment and Rule 15 Motion for Leave to Amend the Amended Complaint (Doc. 84) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike (Doc. 93) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for the Court to Take Judicial Notice (Doc. 98) is **GRANTED IN PART AND DENIED IN PART**, as set forth in this Order.

DATED this 19th day of March, 2013.

_____
A. Wallace Tashima
United States Circuit Judge
Sitting by Designation